## No. 63

### SPRECHER v. DWYER

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 7792. Decided Dec. 13, 1926

**191. BURDEN OF PROOF**—Burden of proof is upon defendant to show by a preponderance of evidence that a written contract was abrogated and a new and different oral contract substituted therefor.

VICKERY, J.

Orville Sprecher brought an action against Leo Dwyer in the Cleveland Municipal Court to recover a certain amount of money claimed to be due as royalties growing out of a contract for the sale of bead moving picture screens. Dwyer answered, claiming that the contract referred to had been mutually rescinded and set aside by the substitution of a verbal contract, by virtue of which Sprecher agreed to work for Dwyer for $200 per month and 10% of the net profits and, in consideration of this contract, the former written contract was abrogated and set aside. The court found the issues in favor of Dwyer and rendered judgment in his favor.

Error was prosecuted and defendant claimed that the new arrangement with Sprecher was made without reference to the old contract and was not an enlargement or modification of the old contract; but was the substituting of an entirely new and different contract. Sprecher urged that the burden of proof was upon Dwyer to prove this. The Court of Appeals held:

1. The burden of proving the verbal contract was a new and different one substituted for the former written contract, was, as urged by Sprecher, upon Dwyer to prove by a preponderance of the evidence.

2. A written contract may be rescinded verbally and it may be rescinded by the substitution of another contract which is inconsistent with the original contract.

3. Sprecher before he entered the employ of Dwyer was earning $160 per month in Detroit, and worked for Dwyer for over a year for $200 per month under the new arrangement. Duing all this time nothing was said by either party as to the royalties.

4. This would be indicative that Dwyer's contention was right, that his contract for royalties had been abrogated and this new arrangement was entered into, whereby Sprecher earned more than as a workman in Detroit, with a possibility of having 10% of the net profits.

5. The fact that Sprecher received added compensation for the time he worked for Dwyer constitutes sufficient consideration for the abrogation of the old contract; and there was no error in the lower court finding that the old contract was abrogated and a new one substituted.

Judgment affirmed.

(Levine, PJ., and Sullivan, J., concur.)

Attorneys—Dustin, McKeehan, Merrick, Arter & Stewart for Sprecher; R. M. Ewing for Dwyer; all of Cleveland.

## No. 64

### YEITER, etc. v. WEIGMAN

Ohio Appeals, 3rd Dist., Crawford Co.

No. 1127. Decided Nov. 24, 1926

**841. NEW TRIAL**—Where after trial, it is discovered that a juror and defendant are related in that the juror's mother was a sister of defendant's wife's grandmother, it being claimed that failure to disclose this fact was a fraud upon plaintiff's rights, the court did not err in overruling a motion for a new trial upon that ground in absence of proof of knowledge of this relationship, on part of either the juror or defendant.

WARDEN, J.

Charlotte Yeiter, a minor, brought an action by her next friend against George Weigman in the Crawford Common Pleas. Weigman was driving a horse and wagon south along a road in said county, and the plaintiff was riding on the back seat of an automobile driven by her father, north. The vehicles came together and plaintiff was injured as set forth in her petition.

Judgment in the lower court was for Weigman. Error was prosecuted and it was claimed that one, H. A. Barth, who sat on the jury and who was one of the nine jurors signing the verdict in favor of defendant, was reloted to said defendant in that his mother was a sister of Weigman's wife's grandmother, and it is urged that failure of Barth and Weigman to disclose this fact was a fraud upon the plaintiff's rights and prevented her from having a trial before a fair and impartial jury. Failure of the court to grant a new trial on this ground is claimed to be error. The Court of Appeals held:

1. It is conceded by plaintiff's counsel that the relationship does not come within the fourth degree of affinity as provided by subdivision 7 of 11437 GC.; but it is claimed that failure of Barth or Weigman to make known the relationship was a fraud on the rights of the plaintiff.

2. There is no evidence in the record tending to prove that either Barth or Weigman knew of the relationship, and there is no authority cited or found which holds that there is a presumption that a person has knowledge of his kin by affinity.

3. In absence of proof of such knowledge on part of either the juror or defendant, the court did not err in overruling the motion for a new trial on that ground.

4. The court charged the jury that if the injury was proximately caused by the joint negligence of the driver of the car and the driver of the horse, the plaintiff was entitled to recover. There was no error in this part of the charge and it is approved.

Judgment affirmed.

Attorneys—O. W. Kennedy and Edward J. Myers for Yeiter; Gallinger & McCarron for Weigman; all of Bucyrus.

Note—Motion to certify overruled. 5 Abs. 59.